## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CATINA CASTRO,

    Plaintiff,

v.

IKEA DISTRIBUTION SERVICES, INC.,

    Defendant.

Civil No. 24-1074-BAH

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Catina Castro brought suit against Ikea Distribution Services, Inc. ("IKEA") alleging wrongful termination. ECF 2. Pending before the Court is Defendant's motion to dismiss (the "Motion."). ECF 5. Plaintiff filed a response in opposition, ECF 8, and Defendant filed a reply, ECF 9. All filings include memoranda of law, while the Motion and Plaintiff's opposition include exhibits.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Defendant's Motion will be **GRANTED**.

## I. BACKGROUND

### A. Factual Background

Plaintiff was employed with the IKEA distribution warehouse located in Perryville, Maryland from June 21, 2021 to December 19, 2022. ECF 2, at 1. She reports that she was "harassed" in the period leading up to her termination and specifically reports that she received "stressful computer messages from management and team leaders," was "micro managed," and

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

was "assigned unfavorable and disturbing tasks, which interfered with [her] ability to accurately perform [her] role[.]" *Id.* Though Plaintiff indicates that she had been told her "termination was due to performance," she avers that this is "not true" and that it was "not possible to increase [her] job performance" in light of the context of her task assignments. *Id.*

### B. Procedural History

Plaintiff filed a charge of discrimination with the EEOC on February 23, 2022. ECF 5-1, at 2. The EEOC issued a right-to-sue notice on October 17, 2023. *Id.* at 4. Plaintiff filed suit in the Circuit Court for Cecil County on March 7, 2024, *see* ECF 1-1, at 2–4, and Defendant removed the action to federal court on April 12, 2024, *see* ECF 1, at 1–4.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.,* 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's]

claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

Because Plaintiff brings this suit pro se, the Court must liberally construe her pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, Civ. No. 6:08-0231, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

## III.    ANALYSIS

At the outset, the Court notes that while Defendant brings the pending motion pursuant to Rule 12(b)(6), both parties address matters outside the pleadings. Defendant includes Plaintiff's EEOC charge and Notice of Right to Sue, *see* ECF 5-1, while Plaintiff attaches details of work assignments, earnings statements, and a series of emails from the warehouse management to her response, *see* ECFs 8-1, 8-2, 8-2. While evaluation of a motion to dismiss typically assesses the sufficiency of the complaint itself, the Court may also consider "documents attached to the complaint, 'as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019) (quoting *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). A document is "integral" when "its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (internal citation omitted) (emphasis omitted).

3

Because EEOC documents are considered to be "integral" to the complaint, the copies of Plaintiff's charge and the right-to-sue notice may be considered without converting Defendant's motion to one for summary judgment.[2] *See Dethridge v. Esper*, Civ. No. GLR-20-606, 2021 WL 1751120, at \*3 (D. Md. May 4, 2021) ("Courts in this district have routinely determined that EEO documents . . . are integral documents in employment discrimination actions."). However, Plaintiff's work assignments, earnings statements, and emails do not appear to be "integral" to her complaint as the documents themselves do not give rise to the legal right Plaintiff is asserting. Thus, the Court may not consider them in the context of a motion to dismiss.

### A.    Wrongful Termination

Plaintiff's complaint alleges she was "wrongfully terminated." ECF 2, at 1. The traditional common law rule in Maryland provides that "an employment contract of indefinite duration, that is, at will, can be legally terminated at the pleasure of either party at any time." *Adler v. Am. Standard Corp.*, 432 A.2d 464, 467 (Md. 1981). In other words, an employer can generally "'terminate an employee for any reason, even a reason that is arbitrary, capricious, or fundamentally unfair,' and it is not the role of the court" to intervene in most circumstances. *Goode v. Am. Veterans, Inc.*, 874 F. Supp. 2d 430, 449 (D. Md. 2012) (quoting *Towson Univ. v. Conte*, 862 A.2d 941, 949 (Md. 2001)).

However, this rule does not apply if the tort of wrongful termination has occurred. The Supreme Court of Maryland has recognized "a public policy exception to the at-will employment rule for wrongful termination 'when the motivation for the discharge contravenes some clear mandate of public policy.'" *Yuan v. Johns Hopkins Univ.*, 157 A.3d 254, 262 (Md. 2017) (quoting *Adler*, 432 A.2d at 473). For an at-will employee to establish wrongful termination, "the employe

---

[2] Plaintiff does not dispute the authenticity of these documents. *See* ECF 8, at 7.

must be discharged, the basis for the employee's discharge must violate some clear mandate of public policy, and there must be a nexus between the employee's conduct and the employer's decision to fire the employee." *Wholey v. Sears Roebuck*, 803 A.2d 482, 489 (Md. 2002) (internal citations omitted). "Maryland courts generally have found a 'clear mandate of public policy' only where an employee has been discharged for: (1) refusing to violate the law, (2) attempting to exercise a statutory duty, right, or privilege, or (3) performing an important public function." *Johnson v. MV Transp. Inc.*, 716 F. Supp. 2d 410, 415 (D. Md. 2010) (quoting *Makovi v. Sherwin-Williams Co.*, 561 A.2d 179, 182 (Md. 1989)). Moreover, the tort of wrongful termination is not applicable where federal or state law already provides a remedy for the violation in question. *Yuan*, 157 A.2d at 263–64; *see also Randolph v. ADT Sec. Servs., Inc.*, 701 F. Supp. 2d 740, 747–48 (D. Md. 2010) (citing *Chappell v. S. Md. Hosp., Inc.*, 578 A.2d 766, 772 (Md. 1990)).

In this case, Plaintiff's complaint does not allege any facts that would suggest her termination violated public policy. She reports that she was "micro managed," "assigned unfavorable and disturbing tasks," and "harassed" by "stressful computer messages;" such complaints, while undoubtedly unpleasant to experience, do not constitute a violation of a "clear mandate of public policy." Because Plaintiff's claim does not fit into the public policy exception to the common law rule of at-will employment, her termination, though likely personally upsetting, was not legally wrongful.

## B.   Employment Discrimination Claims

Though Plaintiff only specifically articulates a cause of action for wrongful termination, Defendant construes the complaint as bringing potential employment discrimination claims under both federal and state law, in part because Plaintiff filed a charge of discrimination with the EEOC prior to bringing this action. *See* ECF 5, at 7–10; ECF 5-1, at 2. The Court will therefore analyze whether Plaintiff has alleged sufficient facts to support such claims. ECF 5, at 9–10.

### 1.   Discriminatory termination

Under federal law, Title VII[3] of the Civil Rights Act of 1964 provides that an employer may not "fail or refuse to hire or [ ] discharge any individual, or otherwise [ ] discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Race, color, religion, sex, and national origin are considered "protected characteristics" under Title VII; in other words, Title VII only covers cases where discrimination based on one of these traits is at issue. Within the state of Maryland, the Maryland Fair Employment Practices Act ("MFEPA") also prohibits discriminatory employment practices based on race, color, religion, sex, or national origin but further includes age, marital status, sexual orientation, gender identity, genetic information, military status, and disability as protected characteristics. Md. Code Ann., State Gov't § 20-606(a)(1)(i).

---

[3] As a threshold matter, Defendant argues that Plaintiff's Title VII claims are time-barred, as the EEOC issued its right-to-sue letter on October 17, 2023 but Plaintiff did not file suit until March 7, 2024, well outside of the 90-day limitations period. While the Fourth Circuit has recognized that Title VII's 90-day notice period serves as "clear evidence that Congress intended to require claimants to act expeditiously," district courts may also "conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period." *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987). Equitable tolling may be available in instances where, "due to circumstances external to the party's own conduct[,] it would be unconscionable to enforce the limitation period[.]" *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). While "*pro se* status provides no independent basis for an equitable tolling of the Title VII filing period," *Ugbo v. Knowles*, 480 F. Supp. 2d 850, 853 (E.D. Va. 2007) (internal citation omitted), equitable tolling is available where, "due to agency error or misinformation, a complainant fails to meet the time requirements . . . for filing a civil action once a right to sue letter has been issued," *Bishop v. Hazel & Thomas, PC*, 151 F.3d 1028, 1998 WL 377912, at *2 n.3 (4th Cir. 1998) (table opinion). Here, Plaintiff suggests that she "expected" a "[h]ard copy" of the notice to arrive in the mail, at which time the 90-day limit would start to run. ECF 8, at 7. Plaintiff does not squarely allege that she was misled by a particular representation from the EEOC; however, the Court will assume, without conclusively determining, that her Title VII claims are not time-barred in order to proceed to an evaluation of Plaintiff's complaint.

In instances where, as here, a plaintiff does not offer direct evidence of discrimination, "the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012) (citing *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)). At the current motion to dismiss stage, Plaintiff does not need to allege "specific facts establishing a prima facie case of discrimination[.]" *Westmoreland v. Prince George's Cnty.*, Civ. No. 09-2453-AW, 2010 WL 3369169, at *3 (D. Md. Aug. 23, 2010) (quoting *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 508 (2002)). Instead, Plaintiff must only "plausibly allege" that an adverse action occurred "'because of' [his] race, color, or sex to withstand a motion to dismiss." *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584–85 (4th Cir. 2015) (quoting 42 U.S.C. § 2000e–2(a)(1)) (emphasis in McCleary-Evans). Nevertheless, while a prima facie case is not required at this stage, "reference to the elements of a claim is helpful to assess whether the plaintiff has stated a plausible claim." *Allgaier v. Microbiologics, Inc.*, Civ. No. 22-01900-ELH, 2023 WL 2837336, at *8 (D. Md. Apr. 7, 2023). Because MFEPA is "the state law analogue of Title VII," *Alexander v. Marriot Int'l, Inc.*, Civ. No. RWT-09-2402, 2011 WL 1231029, at *6 (D. Md. Mar. 29, 2011), courts apply the same analysis to MFEPA claims. *See Blakes v. City of Hyattsville*, 909 F. Supp. 2d 431, 444 (D. Md. 2012).

Here, Plaintiff's complaint fails to state a claim for discrimination under Title VII or MFEPA. The complaint does not indicate membership in a protected class, nor does it indicate

different treatment from similarly situated employees outside the protected class.[4] It does not "plausibly allege" that Plaintiff was terminated on the basis of her "race, color, or sex." *McCleary-Evans*, 80 F.3d at 584–85. Even if the Court were to look beyond the complaint to the copy of Plaintiff's EEOC charge provided by Defendant, there, too, Plaintiff does not allege any facts that suggest her termination was motivated by discriminatory impulse. *See* ECF 5-1, at 2. Further, even if the Court were to consider the text messages Plaintiff includes in her response, these also do not support such an inference. *See* ECF 8-1, at 1–2. Therefore, to the extent that Plaintiff does seek to bring employment discrimination claims under either federal or state law, such claims are dismissed.

<h4 style="text-align:center;">2.    Hostile work environment</h4>

A hostile work environment exists "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 272 (4th Cir. 2015) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). To sustain a hostile work environment claim under Title VII, a plaintiff must allege "(1) unwelcome conduct; (2) that is based on the plaintiff's [membership in a protected class]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Boyer-Liberto*, 786 F.3d at 277.

Plaintiff's complaint also fails to state a claim for a hostile work environment. Though her complaint offers scant facts as to any of the four elements of a hostile workplace claim, Plaintiff

---

[4] Though Plaintiff suggests in her response brief that she has a felony conviction history, she acknowledges that felony status does not qualify as a protected characteristic for the purposes of either federal or state employment discrimination law. ECF 8, at 5.

perhaps most notably does not allege that any unwelcome conduct she experienced was based on her membership in a protected class, that is, based on her race, religion, sex, ethnicity, or national origin. Nor do the attached copies of the EEOC charge suggest as much, nor again the text messages if the Court were to consider them. Plaintiff has failed to state a claim for a hostile work environment under Title VII.

## IV.   **CONCLUSION**

The Court acknowledges that Plaintiff feels "[a]n employer should not have the right to remove an employee from a job" and can appreciate the difficulties brought about by her loss of employment. ECF 8, at 4. However, in Maryland, employers as well as employees may terminate an employment relationship for almost any reason, including reasons that may seem unfair or arbitrary. Though some narrow exceptions do apply, both under Maryland common law as well as state and federal antidiscrimination law, Plaintiff has not alleged that any are applicable in her case. For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

A separate implementing Order will issue.

Dated: <u>March 14, 2025</u>                                   <u>        . /s/              </u>
                                                                    Brendan A. Hurson
                                                                    United States District Judge

9